IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TIMMY THOMAS                                                                     PLAINTIFF

VS.                                                CIVIL ACTION NO. 3:13cv1050-DPJ-FKB

DR. CARL FAULKS, et al.                                       DEFENDANTS

### REPORT AND RECOMMENDATION

Plaintiff, a state prisoner, brought this action pursuant to 42 U.S.C. § 1983 alleging inadequate medical care by prison officials. Presently before the Court is the motion for summary judgment filed by Defendants Michael Reddix, Carl Reddix, Maurice McShan, Health Assurance LLC (Health Assurance), Ollie Little, Kristen Ashmore, and Patricia Parrott (Defendants).[1] Having considered the motion and Plaintiff's response, the undersigned recommends that the motion be granted.

Plaintiff has been in the custody of the Mississippi Department of Corrections (MDOC) since 2010. He is housed at the East Mississippi Correctional Facility (EMCF). Prior to his incarceration, he was diagnosed with degenerative disc disease of the lumbar spine, lumbar radiculopathy, and facet syndrome of the lumbar spine. As of July 2012, his pain was being treated with Ultram (tramadol) and ibuprofen. Plaintiff claims that when Health Assurance took over the contract for medical care at EMCF in July 2012, health care professionals no longer provided him with adequate treatment for pain.

Plaintiff's medical records, attached as an exhibit to Defendants' motion, indicate the following. As of July 2012, Plaintiff was receiving Ultram and ibuprofen daily for pain.

---

[1]One additional defendant, Dr. Carl Faulks, has never been served with process.

In August 2012, Dr. Carl Faulks began tapering off Plaintiff's Ultram because it was not helping his pain and because Dr. Faulks suspected that it was treating Plaintiff's opiate dependency. By November 2012, Dr. Faulks was prescribing only ibuprofen. On November 29, 2012, Dr. McShan, a pain specialist, examined Plaintiff and continued his ibuprofen. In December 2012, in response to further complaints of pain, a nurse practitioner prescribed a 14-day supply of Ultram. Two days later, Dr. Faulks, after consulting with the nurse and with the mental health counselor, increased the Ultram and added Neurontin, prescribing a four-month supply of each.

A review of Plaintiff's records in June 2013 led Dr. Faulks to conclude that the continued use of Ultram placed Plaintiff at increased risk for chronic opiate dependency and for depression as a result of Ultram's interaction with his antipsychotic drug, respiridone. As a result, Dr. Faulks discontinued the Ultram and Neurontin and prescribed Tegretol and ibuprofen twice a day for six months. However, Plaintiff refused to take the Tegretol because of claimed side effects, and the prescription was discontinued. In September, Dr. McShan prescribed Naproxen and Flexeril for Plaintiff's pain. When Plaintiff complained on October 29, 2013, that the Flexeril was not working, Dr. McShan put him back on Neurontin and added Baclofen.

Prison inmates are entitled under the Eighth Amendment to adequate medical care. *Rogers v. Boatright*, 709 F.3d 403, 409 (5th Cir. 2103). A denial of this right occurs when prison officials exhibit deliberate indifference to an inmate's serious medical needs. *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006). To establish deliberate indifference, a prisoner must show that the defendant "refused to treat him, ignored his complaints,

2

intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 725, 756 (5th Cir. 2001). Plaintiff has failed to meet this standard. To the contrary, Plaintiff's medical records indicate that he has received regular, frequent evaluation and prescriptions for his complaints of pain. Nowhere in the medical records is there anything to support a finding that any defendant intentionally withheld or delayed treatment or otherwise wantonly disregarded a serious medical need. Rather, the records indicate only that Plaintiff disagrees with the medical staff's determination as to the most appropriate treatment for his pain. This disagreement does not give rise to a constitutional claim. *See Norton v. Dimazana,* 122 F.3d 286, 292 (5th Cir. 1997).

For these reasons, the undersigned recommends that Defendants' motion be granted and this matter dismissed with prejudice. The parties are hereby notified that failure to file written objections to the findings and recommendations contained in this report within fourteen (14) days from being served with a copy of this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; *Douglass v. United Service Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted, this the 19th day of September, 2014.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE